IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERNARD WILLIAMS, # K-70159, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 13-cv-00495-MJR |
| | ) |
| RANDY DAVIS, SEAN FURLOW, | ) |
| and BRENT KLINDSWORTH, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, who is currently incarcerated at Menard Correctional Center[1] ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving two 20-year sentences for two murder convictions, along with two 10-year sentences for two aggravated battery convictions. His claims arose while he was housed at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff claims that Defendant Randy Davis (Pinckneyville's warden), Sean Furlow (a Pinckneyville internal affairs officer), and Brent Klindsworth (a Pinckneyville adjustment committee officer) violated Plaintiff's constitutional right to due process, maliciously prosecuted him, conspired to do the same, and retaliated against him. Plaintiff seeks compensatory and punitive damages (Doc. 1, p. 18).

Specifically, Plaintiff alleges that on February 26, 2011, he was attacked while standing in line for lunch (Doc. 1, p. 3). Plaintiff's attacker approached him from behind and punched him in the head, knocking Plaintiff's glasses to the floor (Doc. 1, p. 4). The blow

---

[1] Plaintiff's complaint was scanned to the Court from Menard. In the complaint, Plaintiff indicates that he is currently incarcerated in Stateville Correctional Center but is routinely sent to Menard on a court writ. Should Plaintiff wish to update his address with the Court, he must take the necessary steps to do so.

1

caused Plaintiff to become disoriented and fearful. Inmates scattered. In the chaos, Plaintiff "inadvertently hip checked an officer (C/O Bart Lind) to the ground three times" (Doc. 1, p. 4).

Following the incident, Plaintiff was issued a disciplinary ticket for assaulting a staff member and for gang activity, among other things (Doc. 1, p. 5). A hearing was scheduled before Pinckneyville's adjustment committee. In preparation for the hearing, Plaintiff obtained an affidavit from one of the perpetrators, stating that Plaintiff was not affiliated with a gang and was merely an innocent bystander. Also in advance of the hearing, Plaintiff requested permission to call an eye doctor to testify about Plaintiff's poor eyesight (Doc. 1, p. 6). In addition, Plaintiff asked that video footage of the incident be made available.

At the hearing, Defendant Klindsworth gave Plaintiff the choice of presenting all evidence verbally or in writing (Doc. 1, p. 7). Plaintiff chose to submit his defense in writing. The adjustment committee found Plaintiff guilty. Defendant Klindsworth did not consider any of Plaintiff's requested evidence. Ultimately, Plaintiff was sentenced to one year of segregation and a six-month loss of good conduct credit.

Plaintiff complained about the denial of his due process rights and hearing results to Defendant Furlow in March 2011 and to Defendant Davis in April 2011 (Doc. 1, p. 8). When Plaintiff told Defendant Furlow that he intended to sue Defendant Klindsworth, Defendant Furlow stated, "Since you want to play jailhouse lawyer, we're going to take the evidence you're complaining about and use it to prosecute you in court" (Doc. 1, p. 10). When Plaintiff told Defendant Davis that Defendants Furlow and Klindsworth were conspiring to violate his rights, Defendant Davis stated, "[W]e're going to prosecute you, too, since you're gonna sue us anyway" (Doc. 1, pp. 10-11). In March 2012, Plaintiff learned that he was, in fact, being criminally charged with aggravated battery of a peace officer and resisting a peace officer, class

2 and 3 felonies that carry a maximum prison sentence of seven years (Doc. 1, p. 11). The complaint is devoid of allegations which address the current status of the criminal case.

In April 2012, Plaintiff filed a grievance to address Defendants' retaliatory conduct with the Administrative Review Board ("A.R.B.") (Doc. 1, p. 12). To date, Plaintiff has received no response from the A.R.B.

Plaintiff now sues all Defendants in their individual capacities (Doc. 1, p. 13). Against each, Plaintiff asserts a claim for retaliation (Count 1), malicious prosecution (Count 2), conspiracy (Count 3), and due process violations (Count 4) (Doc. 1, pp. 13-16). Each claim will be addressed below.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

According to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable retaliation claim (Count 1) against Defendants Davis and Furlow. Accordingly, he shall be allowed to proceed on Count 1.

However, Plaintiff's retaliation claim against Defendant Klindsworth fails. In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff must have engaged in some protected First Amendment activity (e.g., filing a grievance), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only

3

provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439. In the case at bar, Plaintiff does not identify the acts undertaken by Defendant Klindsworth which constitute retaliation. Accordingly, his retaliation claim against Defendant Klindsworth shall be dismissed without prejudice.

Plaintiff's claim against Defendants for malicious prosecution (Count 2) also fails. A cause of action for malicious prosecution does not accrue until the criminal proceedings giving rise to the claim have terminated in Plaintiff's favor--just as a § 1983 action for damages attributable to an unconstitutional sentence does not accrue until the sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). In order to meet basic pleading requirements, Plaintiff must allege termination of the "prior criminal proceeding in [Plaintiff's] favor." *Id.* at 484. Although Plaintiff refers to his criminal case in the complaint, he does not mention its outcome. Having failed to meet this basic pleading requirement, Plaintiff cannot proceed on his malicious prosecution claim at this time. Count 2 shall be dismissed without prejudice.

Plaintiff's conspiracy claim (Count 3) against Defendants fails for similar reasons. Plaintiff alleges that Defendants conspired to maliciously prosecute him for the aforementioned crimes. Conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996). Having failed to plead sufficient facts to suggest that Defendants engaged in malicious prosecution,

4

Plaintiff's claim for conspiracy to engage in malicious prosecution also fails. Accordingly, Count 3 shall be dismissed without prejudice.

Finally, Plaintiff has not articulated a colorable claim against Defendant Klindsworth, or anyone else, for a violation of his right to due process (Count 4). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

In the complaint, Plaintiff makes it clear that he received notice, whether written or actual, of his hearing (Doc. 1, p. 5). He describes, in detail, the efforts he undertook during the week leading up to the hearing to secure affidavit testimony, expert witness testimony, and video footage. The first requirement of *Wolff* is satisfied.

The second and third *Wolff* requirements are also satisfied, i.e., the right to appear in person before an impartial body and the right to call witnesses and present

physical/documentary evidence if doing so does not jeopardize the safety of the institution. Plaintiff alleges that he appeared in person at his hearing. He was offered the choice of presented evidence verbally or in writing. Plaintiff chose to present his defense in writing, including the affidavit he secured prior to the hearing.

The fourth *Wolff* requirement is also satisfied. Plaintiff's complaint included the adjustment committee's final summary report (Doc. 1-1, pp. 3-4). The summary sets forth the evidence that the committee relied on in finding Plaintiff guilty and sentencing him to a year in segregation and a loss of six months of good conduct credit.

Although Plaintiff's due process claim in this § 1983 action shall be dismissed, it is worth emphasizing that a loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Plaintiff does present a cognizable due process claim regarding good time credit revoked in the disciplinary proceeding. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101, *et seq.*, to consider the merits of Plaintiff's claim. Accordingly, Count 4 shall be dismissed without prejudice to Plaintiff bringing his claims in a properly filed habeas corpus action, **but only after he has exhausted his state court remedies**.

For the reasons set forth above, Plaintiff shall be allowed to proceed with Count 1

against Defendants Davis and Furlow. Counts 2-4 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted. Defendant Klindsworth shall also be dismissed from this action without prejudice.

**Pending Motion**

Plaintiff's motion to appoint counsel (Doc. 3) shall be referred to United States **Magistrate Judge Stephen C. Williams** for further consideration.

**Disposition**

**COUNTS 2, 3,** and **4** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief can be granted.

**DEFENDANT KLINDSWORTH** is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for **DEFENDANTS DAVIS** and **FURLOW**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any

documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for appointment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the

Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 25, 2013**

                                                        **s/ MICHAEL J. REAGAN**
                                                        **U.S. District Judge**